BLD-300                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3358
_____

IN RE: REGINALD YOUNG,

Petitioner
_____

On Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil Action No. 2-05-cr-00307-003)
_____

Submitted Under Rule 21, Fed R. App. P.
September 29, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 12, 2011)
_____

OPINION
_____

PER CURIAM

Reginald Young filed this pro se mandamus petition pursuant to 28 U.S.C. § 1651,

seeking an order that the United States District Court for the Eastern District of

Pennsylvania be compelled to rule on his pending motion pursuant to 28 U.S.C. § 2255.

For the reasons that follow, we will deny the mandamus petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of

circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A

mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Nonetheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Young filed his § 2255 motion on November 15, 2010. Thereafter, the Government requested, and was granted, an extension to file a response by March 2011. On March 3, 2011, the Government filed a response to Young's § 2255 motion. On March 24, 2011, and on August 9, 2011, Young filed motions to expedite consideration of the action. Then, on September 22, 2011, he filed the current petition for a writ of mandamus.

Some time has passed since the filing of Young's motion, and a delay in ruling on it could become a matter of concern, see id. (noting that a seven-month delay in adjudicating a habeas petition may be "of concern"). However, under the circumstances, and despite Young's argument to the contrary, the delay does not amount to a failure to

2

exercise jurisdiction at this point.  Furthermore, we are confident that the District Court will expeditiously rule on Young's motion.

For these reasons, we will deny Young's mandamus petition.  Our denial is without prejudice to his filing another petition in the event that the District Court does not take action within a reasonable time from the date of this judgment.