**AMENDED CLD-048**                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3988
_____

IN RE: REGINALD YOUNG,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Criminal Action No. 05-cr-00307-003)

_____

Submitted Under Rule 21, Fed R. App. P.
November 23, 2011

Before: RENDELL, HARDIMAN and ROTH, Circuit Judges

(Opinion filed January 23, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

　　Reginald Young filed this pro se mandamus petition pursuant to 28 U.S.C. § 1651,

seeking an order compelling the United States District Court for the Eastern District of

Pennsylvania to rule on his pending motion pursuant to 28 U.S.C. § 2255.  For the

reasons that follow, we will deny the mandamus petition without prejudice.

　　Mandamus is a drastic remedy available only in the most extraordinary of

circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A

mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Nonetheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Young filed his § 2255 motion on November 15, 2010. Thereafter, the Government requested, and was granted, an extension to file a response by March 2011. On March 3, 2011, the Government filed a response to Young's § 2255 motion.

On September 22, 2011, Young filed a mandamus petition in this Court seeking an order compelling the District Court to rule on his § 2255 motion. On October 12, 2011, we issued a decision denying the petition without prejudice to Young's filing a second such petition in the event that the District Court did not rule on his motion within a reasonable time from the date of judgment. See In re Young, 2011 WL 4824162 (3d Cir. 2011). A mere three weeks later, Young filed the instant petition again asking us to issue an order compelling the District Court to rule on his § 2255 motion.

As we stated in our previous decision, although the delay in this case is not insignificant and raises some concern, see Madden, 102 F.3d at 79, we do not believe that the delay is so lengthy as to justify our intervention at this time. We remain confident that the District Court will rule on Young's motion in due course.

For these reasons, we will deny Young's mandamus petition. Our denial is without prejudice to Young's filing another petition in the event that the District Court does not take action within ninety (90) days from the date of this judgment. Young's motion to expedite this matter is denied.